UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

Jeffrey Merle,

    Plaintiff,

v.

Credigy Receivables Inc.;
Credigy Services Corp.;
Experian Information Solutions, Inc.;

    Defendants.

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

## PARTIES

2. Plaintiff Jeffrey Merle is natural person who resides in the city of Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3. Defendant Credigy Receivables Inc. ("Credigy Receivables") does business in Minnesota, is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4. Defendant Credigy Services Corp. ("Credigy Services") does business in Minnesota, is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant Experian Information Solutions, Inc., ("Experian") is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

6. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

7. Venue is proper in this Court because a substantial part of the claim arose in Minnesota, and all Defendants "reside" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. Prior to 1998, Plaintiff opened an account and incurred a debt to Wells Fargo ("the debt").

9. The debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. In 1998, Plaintiff became delinquent on the debt.

11. Plaintiff's most recent payment on the debt was in 1998.

12. The debt was assigned to Credigy Receivables and/or Credigy Services for collection.

13. Credigy Receivables and/or Credigy Services reported the debt to one or more Consumer Reporting Agencies, including Experian.

14. Credigy Receivables and/or Credigy Services reported the account as opened in December 2002.

15. Credigy Receivables and/or Credigy Services' reporting of the debt to one or more credit bureaus was an attempt to collect the debt.

16. By 2007, the debt was beyond the permissible 7-year reporting period set forth in the Fair Credit Reporting Act, 15 U.S.C. § 1681c(a)(4).

17. Plaintiff's August 2007 Experian credit report included the Credigy account with an indication, "scheculed to continue on record until Jul 2012."

18. Credigy Receivables and/or Credigy Services falsely reported the date of delinquency of the debt.

19. In the alternative, Experian improperly calculated the date to which the debt could permissibly continue on record.

20. In August 2007, Plaintiff disputed the appearance of the Credigy debt on his credit report to Experian.

21. Experian notified Credigy Receivables and/or Credigy Services of Plaintiff's August 2007 dispute.

22. In the alternative, Experian failed to notify Credigy Receivables or Credigy Services of Plaintiff's August 2007 dispute.

23. In or around August 2007, Plaintiff received investigation results from Experian.

24. Experian's August 2007 investigation results indicated that the appearance of the Credigy debt on his credit report had been "verified."

25. The 2002 date opened for the debt continued to appear on Plaintiff's August 2007 Experian credit report.

26. On or about October 16, 2007, Plaintiff again disputed the appearance of the Credigy debt on his credit report to Experian.

27. In his October 16, 2007, dispute to Experian, Plaintiff specified that the basis for his dispute was the "7 year on record violation."

28. Experian received Plaintiff's October 16, 2007, dispute.

29. Experian refused to investigate Plaintiff's October 16, 2007, dispute.

30. Experian failed to notify Credigy Receivables or Credigy Services of Plaintiff's October 16, 2007, dispute.

31. After October 16, 2007, Experian continued to report the debt on Plaintiff's credit report with the indication, "Date opened Dec 2002."

32. Experian reported the debt on Plaintiff's credit report with the indication, "This account is scheduled to continue on record until Jul 2012."

33. In a letter dated December 11, 2007, Plaintiff once again disputed the appearance of the Credigy debt on his credit report to Experian.

34. In his December 11, 2007, dispute letter to Experian, Plaintiff provided additional relevant detail.

35. Plaintiff's December 11, 2007, letter to Experian explained, "The reason for my dispute is that this account is obsolete. I last made a payment to the original creditor Wells Fargo in 1998."

36. Experian received Plaintiff's December 11, 2007, dispute.

37. In a letter dated December 26, 2007, Experian told Plaintiff that it refused to investigate Plaintiff's December 11, 2007, dispute.

38. Experian failed to notify Credigy Receivables or Credigy Services of Plaintiff's December 11, 2007, dispute.

39. Through at least December 26, 2007, Experian continued to report the debt on Plaintiff's credit report with the indication, "Date opened Dec 2002."

40. Through at least December 26, 2007, Experian continued to report the debt on Plaintiff's credit report with the indication, "This account is scheduled to continue on record until Jul 2012."

41. From mid-2007 to the present, Plaintiff disputed to Defendants the appearance of the obsolete debt and the false date opened multiple times, including without limitation the disputes specified herein.

42. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the debt appearing on Plaintiff's Experian credit report was not appropriately deleted or modified.

43. On or about October 25, 2007, Plaintiff's application for a credit card was denied due at least in substantial part to the appearance of the obsolete debt and associated false dates on Plaintiff's Experian credit reports.

44. On or about November 20, 2007, Plaintiff's application for credit was denied due at least in substantial part to the appearance of the obsolete debt and associated false dates on Plaintiff's Experian credit reports.

45. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress.

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681c, 1681e(a), 1681e(b), and 1681i
### EXPERIAN

47. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

48. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681c by reporting the debt outside of the permissible reporting period.

49. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e(a) by failing to maintain reasonable procedures designed to avoid violations of 15 U.S.C. § 1681c.

50. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

51. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

52. As a result of Experian's violations of §§ 1681c, 1681e(b), and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

53. Experian's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

54. Plaintiff is entitled to recover costs and attorney's fees from Defendant Experian pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II:
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. § 1681s-2(b)
## CREDIGY RECEIVABLES, CREDIGY SERVICES

55. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

56. Defendants Credigy Receivables and/or Credigy Services willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

57. As a result of Credigy Receivables and/or Credigy Services' violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

58. Credigy Receivables and/or Credigy Services' actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

59. Plaintiff is entitled to recover costs and attorney's fees from Defendants Credigy Receivables and/or Credigy Services pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III:
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)
### CREDIGY RECEIVABLES, CREDIGY SERVICES

60. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

61. Defendants Credigy Receivables and/or Credigy Services' foregoing actions and omissions in connection with its attempts to collect the alleged debt violated numerous and multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

62. As a result of Credigy Receivables and/or Credigy Services' violations of the FDCPA, Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

63. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendants Credigy Receivables and/or Credigy Services $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT IV:
### CREDIT DEFAMATION
### ALL DEFENDANTS

64. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

65. Defendants' foregoing actions and omissions, including but not limited to reporting false information on Plaintiff's credit reports, constitute credit defamation.

66. Defendants' foregoing actions and omissions were intentional and malicious.

67. As a result of Defendants' intentional and malicious credit defamation, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress.

### COUNT V:
### NEGLIGENCE
### ALL DEFENDANTS

68. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

69. Defendants' foregoing actions and omissions constitute a breach of Defendants' duty to Plaintiff.

70. Defendants' foregoing actions were intentional and malicious.

71. As a result of Defendants' intentional and malicious negligence, Plaintiff has suffered actual damages including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress.

### **WHEREFORE,**

Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.) Statutory damages against Defendants Credigy Receivables and/or Credigy Services pursuant to 15 U.S.C. § 1692k;

e.) Reasonable attorney's fees and costs against Credigy Receivables and/or Credigy Services pursuant to 15 U.S.C. § 1692k; and

f.) Such other and further relief as may be just and proper.

Dated:      3/19/08                                    **GOOLSBY LAW OFFICE, LLC**

                                                                              By:      s/John H. Goolsby
John H. Goolsby, #0320201
2021 East Hennepin Avenue, Suite 195
Minneapolis, MN 55413
Telephone: (612) 331-8700
jgoolsby@goolsbylawoffice.com
**Attorney for Plaintiff**

# **VERIFICATION OF COMPLAINT**
# **AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA        )
                          ) ss
COUNTY OF HENNEPIN        )


I, Jeffrey Merle, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I am bringing this civil Complaint in good faith and solely for the purposes set forth in it.


                              s/Jeffrey Merle
                              Jeffrey Merle


Subscribed and sworn to before me

this 17th day of March, 2008.


      s/Chelsea Duran Turner
Notary Public